EUGENE VALDEZ, sometimes known as L. E. SHOOPMAN,

*Plaintiff and Appellant*

vs.

ROY J. GLENN AND HENRY DUNBAR

*Defendants and Respondents.*

(No. 2820; October 7, 1958; 330 Pac. (2d) 309)

54

56

For the plaintiff and appellant, the cause was submitted upon the brief of John J. Spriggs, Sr., and John J. Spriggs, Jr., of Lander, Wyoming, and oral argument by Mr. Spriggs, Sr.

For the defendants and respondents, the cause was submitted upon the brief and also oral argument of Elmer J. Scott, of Worland, Wyoming.

Heard before Blume, C. J. and Harnsberger and Parker, JJ.

58

OPINION

Justice HARNSBERGER delivered the opinion of this court.

Plaintiff sued defendants to recover damages for injuries sustained in the collision of plaintiff's automobile with a tractor-trailer unit driven by defendant Dunbar and owned by defendant Glenn. The case was tried to a jury which rendered verdict in favor of defendants and thereupon the court entered judgment accordingly.

Plaintiff appeals on the ground both verdict and judgment were contrary to law, contrary to evidence and because the evidence was insufficient to support either. Plaintiff also says the verdict and judgment were the result of passion and prejudice brought about by improper conduct of defendants and their attorney; that the court admitted illegal evidence and erred in giving certain instructions and in refusing certain other instructions.

We have, therefore, scrutinized the evidence most favorable to defendants. From this it appears the accident occurred on a federal-aid highway at a place where there was a swale between the crests of two hills which were approximately thirty-eight hundred feet apart. The depth of the dip between the hills was about sixty to sixty-five feet below the crest of the highest hill to the east end and slightly less than that below the crest of the hill at the west end. The slope, or incline of the road, to the bottom of the swale, where the road crossed a small bridge at a point substantially midway between the crests of the two hills, was gradual in both directions and admitted of unobstructed vision over the whole distance, although there were some slight raises and depressions. The width of the road's oil mat was about twenty-seven feet and the borrow pit to the north was about two feet below its surface, while that to the south was about one foot below the traveled surface and there were gradually sloping shoulders on the both sides.

The accident occurred at a point something less than twelve hundred feet to the east of the bridge where plaintiff's automobile struck the rearward right side of the twenty-nine foot flat-bed trailer of defendants' unit as it was being pulled from the north across the highway by its tractor in making a left hand turn

to bring it into position to travel toward the east. The plaintiff's car was coming from the west. As a result of the crash plaintiff was severely injured.

Prior to the collision defendants' truck-trailer had been going toward the west but had pulled into the north borrow pit preparatory to changing its direction in order to travel toward the east. The tractor-trailer had turned enough in the north borrow pit so that it approached the traveled highway from a northerly direction heading toward the south and it had completely stopped on the shoulder of the road before coming upon the oiled surface. At this place the driver opened the left door of his cab and looked both to the right and to the left. To his right he saw plaintiff's car which was then at a point approximately midway between the crest of the hill to the west and the bridge. This would mean that plaintiff's car was about twenty-one hundred feet away. The truck then started across the highway, making a left hand turn and had cleared the oiled surface with all of the unit except some eight to ten feet, or possibly a little more, of the trailer remaining on the oiled surface in the truck's own right hand lane as it would travel in an easterly direction, when it was struck from the rear by plaintiff's car at a point on the right side of the trailer somewhat back of its center.

There was evidence that plaintiff had been drinking beer. The plaintiff said he drank only "two beers" but other evidence tended to contradict this and several empty cans of beer were found in his car with at least one such can still containing beer.

The plaintiff claims the defendants operated the truck in a negligent manner. Defendants deny their negligence and insist that in any event the plaintiff

was guilty of contributory negligence because the collision could have been avoided by plaintiff if he had been properly operating his car.

The jury found for defendants but as it made no findings of fact we do not know whether it concluded the defendants were not negligent in the operation of the tractor-trailer unit, or that the plaintiff was guilty of contributory negligence or both. In any case we are satisfied that there was substantial and sufficient evidence to support either or both of those findings.

Plaintiff insists that in cross-examination the defense tactics of asking insinuating questions without thereafter producing competent evidence to sustain the implication of the questions resulted in getting before the jury evidence which was improper and prejudicial. This assumption is not borne out by the record. In the first place, the questions to which objections were made might reasonably have been asked to test the credibility or reliability of the witness or the soundness of his testimony, but they cannot be said to have established as facts before the jury the implications which counsel now contends. In the second place, the witness in answering was privileged to completely refute and destroy any such implication by his answer. This not infrequently results unfavorably to the examiner's own case. In any event, any alleged impropriety of this sort is a matter within the control of the trial court and we find no occasion to be critical of the examination which was permitted in this matter.

Plaintiff further complains that a written statement taken from plaintiff while he was ill was improperly received in evidence. This contention is without merit especially as plaintiff did not repudiate the statement

or contradict it in any particular although he had full opportunity to so do.

Plaintiff also contends that defendants improperly placed before the jury evidence that plaintiff had been convicted of a crime. The record discloses that this is not true. On cross-examination plaintiff was asked if he had been twice convicted of the crime of driving an automobile while under the influence of liquor. Plaintiff's counsel objected that the question was immaterial and improper and the court sustained the objection. The unanswered question was not evidence and the claimed evidence did not go to the jury.

Somewhat similarly plaintiff says defendants improperly brought before the jury testimony that the plaintiff was in jail following the accident. A review of the record shows that upon cross-examination plaintiff was asked why he did not continue to go to his doctors and plaintiff replied it was because he was in jail. This volunteered admission of plaintiff was initially allowed to stand, but later the court specifically instructed the jury to disregard any reference to jail and admonished them to strike that from their minds. We find no error in this.

Plaintiff's theme that the verdict and judgment were the result of passion and prejudice brought about by improper conduct of defendants and their attorney and illegal evidence admitted by the court is but a reiteration of the claims that questions asked by defense counsel in cross-examining plaintiff and rulings of the court respecting evidence constituted reversible error. Notwithstanding this, and the fact that we have already considered those questions, we have made a careful search of the record to ascertain if it discloses any conduct on the part of defense counsel which was cal-

culated to arouse passions or to inspire prejudice. The result of that effort was negative. When we found the evidence properly given the jury was sufficient to sustain their verdict, we rejected any suggestion that it was motivated by passion or prejudice. A verdict and judgment adverse to a party neither indicates an improper emotional reaction on the part of a jury nor that it entertained any bias or prejudice against the unsuccessful party. It has been said, " 'Passion' means moved by feelings or emotions, or may include sympathy as a moving influence without conscious violation of duty." " 'Prejudice' includes the forming of an opinion without due knowledge or examination." See 31A Words and Phrases, Perm. Ed., Passion, p. 95, and also Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447. Both of these definitions seem reasonably correct and were adopted in Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873, 876. The verdict in this case has not been brought within either of these definitions.

Additional error is claimed because instructions were given which, although they correctly informed the jury of defendants' defenses, are said by plaintiff to have lacked any support in the proof offered at the trial. The summary of evidence recited herein we think sufficiently refutes this claim.

Plaintiff was refused an instruction that if he saw the tractor-trailer parked in the borrow pit he was under no obligation to look further or keep his eyes upon it and plaintiff says this was reversible error. No authority is cited to support that contention and our own search convinces us that there is none.

It is also claimed the court erroneously refused to give an instruction reciting certain purported requirements of vehicle drivers when making a "U" turn. In

the first place the evidence does not show that a "U" turn was being made, although a turn was made to reverse the direction of the truck unit. This turn was made by driving completely off the traveled highway and then approaching the road in much the same manner as would occur had the vehicle been coming onto the highway from an intersection. In doing so the truck unit came to a complete stop, the left door of the cab was opened and the driver looked both ways. Under these circumstances the requested instruction was altogether improper and it would have been error to have given it.

Another of plaintiff's offered instructions was properly refused because it contained wholly inapplicable quotations from our statutes.

We find no reversible error committed in the trial of this case and the verdict of the jury and the judgment of the court are therefore affirmed.

Affirmed.

Petition for Rehearing filed and denied without written opinion December 16th, 1958.