Juan Miguel OROZ, Appellant
(Plaintiff below),

v.

David H. HAYES and the Board of County Commissioners of the County of Carbon, Appellees (Defendants below).

No. 5077.

Supreme Court of Wyoming.

Aug. 1, 1979.

Catherine L. Dirck, of MacPherson, Golden & Brown (argued), Rawlins, for appellant.

Alfred M. Pence, of Pence & Millett (argued), Laramie, for appellee David H. Hayes.

K. Craig Williams, County and Pros. Atty. (on brief), Rawlins, and Frederick J. Harrison (argued), Rawlins, for appellee Bd. of County Commissioners of the County of Carbon.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-plaintiff appeals from a judgment entered on a jury verdict in his favor.[1]

---

1. We previously reversed and remanded the dismissal of this action against appellee-defendant Board of County Commissioners. *Oroz v. Board of County Commissioners of Carbon County*, Wyo., 575 P.2d 1155 (1978).

He contends that errors were committed: (1) in an instruction relative to the right-of-way at "T" intersections; and (2) in that the amount of damages awarded to him was insufficient. We affirm.

The collision upon which this action was based occurred at an intersection of Jack Creek Road and Jack Creek Lane, two county roads in Carbon County. The two roads did not cross each other at the point of juncture, rather Jack Creek Lane terminated at the juncture. Therefore, the intersection was a "T" intersection. Vision was obstructed at the intersection by a stand of willow trees.

The judgment was for appellant on his complaint against appellee-defendant Board of County Commissioners in the amount of $25,000; against appellant on his complaint against appellee-defendant Hayes; for appellee Hayes on his cross-complaint against appellee Board of County Commissioners; and against appellee Hayes on his cross-claim against appellant.

## INTERSECTION INSTRUCTION

Appellant contends that Wyoming law was not properly stated by the trial court in the following instruction (No. 19):

## "INSTRUCTION NO. 19

"You are instructed that at the time of this accident, the Wyoming law provided as follows:

" 'The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.'

" 'When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.' "

Appellant contends the following to be a correct statement of Wyoming law:

"The driver of a vehicle proceeding toward the top bar of a T-intersection should yield the first right of passage to the straightaway traveling motorist."

Appellant acknowledges that Instruction No. 19 "traces the language" of § 31–5–220(a) and (b), W.S.1977. Those subsections of that statute read:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Appellant also acknowledges that "under a strict reading of the statutes, it would appear that a T-intersection comes within the definition of 'intersection' found in" § 31–5–102(a)(xli), W.S.1977. The sub-sub-section of that statute reads:

"(xli) 'Intersection'.—(A) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two (2) highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict;

"(B) Where a highway includes two (2) roadways thirty (30) feet or more apart, then every crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection. In the event such intersecting highway also includes two (2) roadways thirty (30) feet or more apart, then every crossing of two (2) roadways of such highway shall be regarded as a separate intersection."

The definition of an intersection is plain and unambiguous. It includes "T" intersections.

" * * * Where the language of a statute is plain, unambiguous and conveys clear and definite meaning, there is no occasion for resorting to rules of statutory construction, and the court has no right to look for and impose another meaning. * * * " *Wyoming State Treasurer v. City of Casper*, Wyo., 551 P.2d 687, 698 (1976).

The court will not usurp the power of the legislature by deciding what should have been said. *Barber v. State Highway Commission*, 80 Wyo. 340, 342 P.2d 723 (1959). The primary intent in ascertaining the meaning of a law is the legislative intent; and if such intent is expressed clearly and without ambiguity in the language of the statute, such intent must be given effect. The intent must be found in the language of the statute itself. *State ex rel. Murane v. Jack*, 52 Wyo. 173, 70 P.2d 888, reh. den. 52 Wyo. 173, 193, 71 P.2d 917 (1937); *Johnson v. Safeway Stores, Inc.*, Wyo., 568 P.2d 908 (1977); *Sanchez v. State*, Wyo., 567 P.2d 270 (1977); *Seyfang v. Board of Trustees of Washakie County School District No. 1*, Wyo., 563 P.2d 1376 (1977); *State v. Stern*, Wyo., 526 P.2d 344 (1974).

The foregoing is determinative of this issue. It is the result reached by the great majority of the courts in construing the term "intersection." See 7 A.L.R.3d 1204.

### INSUFFICIENT DAMAGES

Again, appellant recognizes the rule that absent an award which is so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice or other improper cause had invaded the trial, the jury's determination of the amount of damages is inviolate. *Lane v. Gorman*, 10th Cir., 347 F.2d 332 (1965); *Fitzsimonds v. Cogswell*, Wyo., 405 P.2d 785 (1965); *Pan American Petroleum Corporation v. Like*, Wyo., 381 P.2d 70 (1963). But appellant contends that the severity of the injury (left arm and hand were crushed, resulting in amputation), the pain and suffering, and the deprivation of the enjoyment of the use of a limb make an award of $25,000 "grossly insufficient." He points to a disability to appellant of 54 percent and to higher awards for a lesser percentage of disability in other cases to substantiate his contention.

All of these things were presented to, and considered by, the jury. Appellant does not refer to any evidence of passion or prejudice on the part of the jury. He does not refer to any other improper action or persuasion which invaded the trial. He does not point to an inconsistency or conflict in, or resulting from, the award itself. He does not indicate a failure on the part of the jury to follow instructions. He simply contends that the award was too small. Such, without more, is insufficient for reversal on appeal. *Ries v. Cheyenne Cab & Transfer Company*, 53 Wyo. 104, 79 P.2d 468 (1938); and *Valdez v. Glenn*, 79 Wyo. 53, 330 P.2d 309, reh. den. 79 Wyo. 53, 64, 332 P.2d 1119 (1958).

"As a rule, a verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or that the jury disregarded the instructions of the court, or in some instances, where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or, according to some of the cases, where, otherwise, there has been an evident failure of justice to the plaintiff. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more." 22 Am.Jur.2d Damages § 398.

The jury fixed the amount of the award. The trial court rendered judgment thereon. We find no reason to disturb it.

Affirmed.