**Joseph MAZZOLA, Appellant (Plaintiff),**

v.

**Carl SAWYER and Wilda Sawyer, husband and wife, Appellees (Defendants).**

No. 84–314.

Supreme Court of Wyoming.

July 12, 1985.

Michael E. Warren, Sawyer, Warren & Kautz, Torrington, for appellant.

John J. Maier, Torrington, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Plaintiff-appellant brought an action against defendants-appellees alleging negligence in the manner in which appellees stored appellees' motor home along side appellant's motor home in a building owned by appellees, which negligence allegedly caused a fire that damaged appellant's motor home. This appeal is from a judgment in favor of appellees after a trial to the court.

We affirm.

The storage of appellant's motor home was in consideration of appellant paying the gas utility charges for the storage building and for appellees' house during the months of December 1982 to May 1983 while appellees were on vacation in Arizona. The building was approximately 30' × 50' in size. The motor homes of appellees and appellant were parked side by side in the building. In November of 1982, an overhead heater in the northeast corner of the building caused a roof vent on top of appellant's motor home to melt, and thereafter appellant parked his motor home more to the rear of the building and away from the heater. Subsequently, the locations of the motor homes within the building were switched, and still later appellees moved their motor home forward and closer to the overhead heater to make room for the storage of a lawn mower. On May 11 and 12, 1983, the temperature dropped to around 11 degrees, activating the heater. On May 12, 1983, a fire broke out in the building, and both motor homes were damaged.

The issues presented on appeal are (1) whether or not the court erred in not finding negligence on the part of appellees, (2) whether or not the court erred in not finding a bailment, and (3) whether or not the court erred in finding that appellant's insurer could not allocate the risk to appellees or to their insurer on the basis of an agreement between the parties to do so.

## NEGLIGENCE

The trial court found that appellees did not park the "motor home so close to the heater as to violate his duty as a reasonable man," and that there was no "forseeability, i.e. that a reasonably prudent person would foresee.... that this distance would be so engulfed in flame or saturated by heated air as to cause the fire in question." The court determined the distance between the heater and the motor home to have been 8'7".

We have often said that we will not substitute our judgment on the facts for that of the fact finder if there is substantial evidence to support the findings made by the fact finder; and that on appeal we assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and giving to the evidence of the successful party every reasonable inference reasonably to be drawn therefrom. *Distad v. Cubin*, Wyo., 633 P.2d 167, 180 (1981); *Barnette v. Doyle*, Wyo., 622 P.2d 1349, 1362 (1981); *Brittain v. Booth*, Wyo., 601 P.2d 532, 535 (1979); *Rissler & McMurry Company v. Atlantic Richfield Company*, Wyo., 559 P.2d 25, 28 (1977).

The trial court's finding that the motor home was parked 8'7" from the heater was founded on testimony as to the size of the building, size of the motor home, the distance between the front of the motor home and the building wall, and the location of the heater in the building. The resulting conclusion that appellant had not carried his burden to establish that a rea-

sonable man would foresee this distance to be "engulfed in flame or saturated by heated air as to cause the fire" is not totally against the evidence and is not manifestly wrong. *Zanetti v. Zanetti,* Wyo., 689 P.2d 1116 (1984).

## BAILMENT

Appellant argues that the delivery of the motor home to appellees was a delivery in trust for a specific purpose. The trial court found the transaction not to be a bailment, commenting that since appellant removed and returned the motor home from the building several times during appellees' absence, there was no delivery of the motor home to appellees, a necessary element of a bailment.

We need not review the propriety of this finding inasmuch as the appellant, himself, recognizes the general rule to be that a bailee is answerable for loss or injury to the bailor's property only when such is a result of a failure on the part of the bailee to use ordinary care and diligence in safeguarding it. *Truck Terminal, Inc. v. Nielsen,* 80 Wyo. 223, 339 P.2d 413 (1959). Inasmuch as negligence was not here established, appellees' failure to use ordinary care and diligence was not established, and appellees would not be liable even should there be a bailment.

## ALLOCATING RISK

Similarly, the question of allocation of risk between the insurance carriers of appellant and appellees becomes moot when negligence on the part of appellees is not established. The insurance status with reference to the motor homes was discussed at the time appellees agreed to allow appellant to store his motor home in the building. Appellant acknowledged that:

"If there were a loss with no negligence, Plaintiff's [appellant's] Casualty Insurance would naturally pick up the bill, but if there were negligence on Defendant's [appellees'] part, his liability insurance would take care of the loss."

Since negligence on appellees' part was not established, there is no longer an issue concerning allocation of risk.

Affirmed.