2006 WY 33

**Marvin PARRISH and Bernadette Parrish, Appellants (Plaintiffs),**

v.

**GROATHOUSE CONSTRUCTION, INC. and Advanced Wall Systems, Appellees (Defendants),**

and

**Simpson Electric, Inc., Appellee (Third Party Defendant).**

No. 05–141.

Supreme Court of Wyoming.

March 22, 2006.

Representing Appellants: Peter S. Dusbabek and Cara J. Stegemann, Fort Collins, Colorado.

Representing Appellee Advanced Wall Systems: Peter K. Michael, Cheyenne, Wyoming.

Representing Appellee Groathouse Construction, Inc.: L. Kathleen Chaney and John W. Fairless, Denver, Colorado.

Before HILL, C.J., and GOLDEN, VOIGT, BURKE, JJ., and PRICE, D.J.

GOLDEN, Justice.

[¶ 1] This personal injury case arises out of Marvin Parrish's trip and fall on a stairway at a construction site where he was working as an electrician. As a result of the fall, Mr. Parrish allegedly sustained an injury to his left knee. Mr. Parrish and his wife, Bernadette, sued the general contractor (Groathouse Construction, Inc.) and a subcontractor (Advanced Wall Systems), making several claims, including negligence and loss of consortium on behalf of Mrs. Parrish. Af-

ter trial, a jury found Mr. Parrish sixty-five percent at fault for the fall. The trial court entered a defense verdict. The Parrishes appeal, claiming the trial court did not properly instruct the jury on the duties owed by the appellees to maintain a safe work environment. The Parrishes also complain that the trial court erred in allowing testimony from a fact witness that allegedly exceeded the scope of the pretrial designation of the witness' proposed testimony. Finding no reversible error, we affirm.

## ISSUES

[¶ 2]  The Parrishes present the following issues for this Court's review:

1.  Whether the trial court erred in determining that Groathouse Construction, Inc. did not have a non-delegable duty for the safety of workers on the job site and in refusing to instruct the jury on the Plaintiffs' tendered instruction regarding the non-assumption of the risk of the work site by workers based on this Court's holding in *Jones v. Chevron U.S.A., Inc.*, 718 P.2d 890, 895 (Wyo.1986).

2.  Whether the trial court erred by refusing to instruct the jury on the applicable OSHA regulations in Plaintiffs' tendered instruction submitted on that point.

3.  Whether the trial court erred by refusing to instruct the jury on the Plaintiffs' tendered instruction based on W.S. § 27–1–102 providing that "[p]roper and substantial handrails shall be provided on all stairwells in ... buildings where people are employed...."

4.  Whether the trial court erred in giving Instruction # 7 regarding the responsibility of Groathouse Construction, Inc. which instruction did not follow the Wyoming Civil Pattern Jury Instructions in the Civil Jury Instruction Guideline at section 8.07.

5.  Whether the trial court erred by allowing Groathouse Construction, Inc. and Advanced Wall Systems to examine Donald Jones, masonry contractor, to testify beyond the scope of his endorsement.

## FACTS

[¶ 3]  Groathouse Construction Inc. (hereinafter "Groathouse") served as general contractor on a project involving the remodeling of a commercial building. Groathouse hired Advanced Wall Systems (hereinafter "Advanced") as an independent subcontractor to perform drywall work. Groathouse hired Simpson Electric, Inc. (hereinafter "Simpson") as an independent subcontractor to perform electrical work. Mr. Parrish worked for Simpson.

[¶ 4]  On the day of the accident, Mr. Parrish was working on the second floor of the building. There were three stairwells that permitted access between the first floor and the second floor: one stairwell was at the west end of the building; one was in the center of the building; and the third was at the east end of the building (the distance between the west and the east stairways was less than ninety-four feet). Upon arrival at work, Mr. Parrish accessed the second floor via the east stairway. Sometime later that morning, Mr. Parrish attempted to return to the first floor, again by means of the east stairway.

[¶ 5]  When Mr. Parrish entered the stairway, an employee of Advanced, who was performing drywall work in that stairwell at the time, shouted "men in the stairway" to warn Mr. Parrish that work was being done in the stairway. Mr. Parrish continued down the stairs. On the second or third step before the bottom, Mr. Parrish allegedly stepped, with his left foot, on what he thought was a cap from a level case left on the stairs by an Advanced employee. His left foot started to slip out from under him. At the same time, Mr. Parrish alleged that his right foot slipped out from under him because of construction debris left on the stair. Mr. Parrish fell to the bottom of the stairs. Mr. Parrish alleged that, as a result of the fall, he twisted his left knee, resulting in a tear of the medial meniscus. Mr. Parrish underwent several surgeries to correct the problem, but because of complications, eventually had to undergo a complete knee replacement. After a seven-day trial, the jury returned a verdict finding Mr. Parrish sixty-five percent at fault for the accident,

thereby denying the Parrishes any recovery under Wyoming's comparative fault law.[1] The Parrishes now appeal to this Court.

## DISCUSSION

### Issues One Through Four (Jury Instructions)

[¶ 6] We will combine issues one through four for purposes of discussion since all of these issues allege error in the instruction of the jurors.

*Standard of Review*

[¶ 7] When examining the propriety of jury instructions, this Court reviews whether the instructions, taken as a whole, adequately and clearly advise the jury of the applicable law. The trial court is not obligated to give an instruction offered by a party as long as the jury is adequately instructed on the law as it pertains to that case. The trial court's ruling on an instruction will not constitute reversible error absent a showing of prejudice, and prejudice will not be said to result unless it is demonstrated that the instruction confused or misled the jury with respect to the proper principles of law. *Sellers v. Dooley Oil Transport*, 2001 WY 44, ¶ 9, 22 P.3d 307, 309 (Wyo.2001); *Cervelli v. Graves*, 661 P.2d 1032, 1036 (Wyo.1983). The burden is on the appellant to show prejudicial error. *Daley v. Wenzel*, 2001 WY 80, ¶ 29, 30 P.3d 547, 554–55 (Wyo.2001).

*Discussion*

*Assumption of the Risk*

[¶ 8] The first issue is somewhat confusing but seems primarily to be focused on a perceived error of the trial court in failing to accept the Parrishes' tendered instruction that "[a] worker does not voluntarily assume the risk of the jobsite." The trial court, however, did not err in refusing this tendered instruction as such an instruction would be incorrect as a matter of law.

[¶ 9] In adopting a comparative fault statute, Wyoming has effectively abol-ished the legal doctrine of assumption of the risk in favor of a scheme under which everyone has a duty to exercise ordinary care. Assumption of the risk is now simply a form of contributory negligence relevant only to the apportionment of fault under the comparative negligence scheme. *Halpern v. Wheeldon*, 890 P.2d 562, 565 (Wyo.1995). As this Court has held:

> [T]he comparative fault statutes have eliminated certain rules absolutely barring recovery upon a finding that the plaintiff had been negligent. *Stephenson v. Pacific Power & Light Co.*, 779 P.2d 1169, 1180 (Wyo.1989) ("Gone are the days when a scintilla of negligence by the plaintiff will bar recovery."). Before the enactment of the comparative negligence statute, Wyo. Stat. Ann. § 1-1-109, contributory negligence, assumption of risk, and the obvious danger rule operated as absolute defenses to a negligence action. *Id.* at 1179; *Barnette v. Doyle*, 622 P.2d 1349, 1361 (Wyo. 1981); *Brittain v. Booth*, 601 P.2d 532, 534 (Wyo.1979). With the advent of comparative negligence legislation, however, these contributory negligence rules became a basis for an apportionment of fault and no longer operated as a complete bar to recovery. *Stephenson* at 1179; *Barnette* at 1361; *Brittain* at 534. "Thus, if appellant was negligent, it was for the jury to measure the relative degrees of fault." *Stephenson* at 1179.

*Roberts v. Estate of Randall*, 2002 WY 115, ¶ 18, 51 P.3d 204, 211 (Wyo.2002).

[¶ 10] The instruction tendered by the Parrishes suggests that Mr. Parrish had no duty to exercise ordinary care and, therefore, no fault can be attributed to him. Such is a misstatement of Wyoming law. Further, Jury Instruction No. 2 properly informed the jury that it was to "determine the percentage of fault, if any, of each of the actors involved in the occurrence." This included any fault attributable to Mr. Parrish. The Parrishes have not objected to Jury Instruction No. 2. Thus, not only was the tendered instruction incorrect as a matter of law, it was inconsis-

---

1. Under Wyoming's comparative fault statute, a claimant cannot recover for an injury unless "the contributory fault of the claimant is not more than fifty percent (50%) of the total fault of all actors." Wyo. Stat. Ann. § 1-1-109(b) (Lexis-Nexis 2005).

tent with other jury instructions accepted by the Parrishes and submitted to the jury. Under the circumstances, the trial court did not err in rejecting the instruction at issue.

### OSHA Regulations

[¶ 11] During trial, expert testimony was presented regarding specific OSHA regulations that may or may not have been violated by Groathouse, Simpson and Advanced. In Jury Instruction No. 5 the jury was instructed that a violation of a regulation is evidence of negligence. The Parrishes tendered an instruction that included the exact written language of the allegedly applicable OSHA regulations. The trial court refused the tendered instruction, explaining that it believed there had been ample testimony on the issue. The Parrishes' trial counsel did not object to the trial court's decision. Because no objection was lodged, the trial court's action is not properly preserved for appellate review. W.R.C.P. 51(b) ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."); *Cathcart v. State Farm Mut. Auto. Ins. Co.*, 2005 WY 154, ¶ 13, 123 P.3d 579, 586 (Wyo.2005). We will not address the issue further.[2]

### Wyo. Stat. Ann. § 27–1–102

[¶ 12] The Parrishes complain that the trial court should have given their tendered instruction which applied Wyo. Stat. Ann. § 27–1–102 (LexisNexis 2005)[3] to the case. The Parrishes' appellate argument consists of two sentences. No cogent argument is presented regarding how the statute even applies to their case. No legal authori-

ty is cited. We have consistently said we will not entertain such a perfunctory argument. Consequently, we will not consider the issue. *Mueller v. Zimmer*, 2005 WY 156, ¶¶ 41, 43, 124 P.3d 340, 361, 362 (Wyo.2005).

### Jury Instruction No. 7

[¶ 13] While the Parrishes' argument is confusing on this issue, it seems that they believe Groathouse owed Mr. Parrish a non-delegable duty to maintain a safe work environment. Their objection to Instruction No. 7 is that it does not reflect their belief. They are correct. Instruction No. 7, in essence, informed the jury that Groathouse, Simpson and Advanced were all responsible for their own percentage of fault, if any. The problem for the Parrishes, however, is that their argument, even if correct, has no relevance to this appeal. The Parrishes' argument that Groathouse owed Mr. Parrish a non-delegable duty simply translates into Groathouse's being responsible for the combined fault of Advanced, Simpson, as well as itself, which the jury put at a total of thirty-five percent. The Parrishes' argument does not change Mr. Parrish's percentage of fault, which the jury determined to be sixty-five percent. As long as Mr. Parrish's fault remains greater than fifty percent, he is not entitled to recovery under Wyoming's comparative fault statute.

### Issue Five (Testimony of Donald Jones)

*Standard of Review*

[¶ 14] Rulings on the admissibility of evidence are within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of a clear abuse of discretion. *Cathcart*, ¶ 12, 123 P.3d at 586. A trial court commits an abuse of

---

2. The Parrishes make no request of this Court to invoke our discretionary authority to engage in a plain error analysis.

3. 27–1–102. Doors at public places to open outward; handrails on stairs; enforcement.
   All doors leading into or to any manufacturing establishment, mills, workshops, offices, bakeries, laundries, stores, hotels, theaters, halls, or other buildings in which people are employed, shall be so constructed as to open outward, when practicable, and shall not be

locked, bolted or fastened so as to prevent free egress during working hours. Proper and substantial handrails shall be provided on all stairways in manufacturing establishments, mills, workshops, offices, bakeries, laundries, stores, hotels, theaters, halls, and other buildings where people are employed or rooms are rented to the public. And he [the department of employment] shall have authority to enforce by due process of law, the provisions of this section, and other laws relating to fire escapes.

discretion if it acts outside the bounds of reason under the circumstances or commits an error of law. *Hoy v. DRM, Inc.*, 2005 WY 76, ¶ 13, 114 P.3d 1268, 1276 (Wyo.2005); *Clark v. Gale*, 966 P.2d 431, 435 (Wyo.1998); *Wilder v. Cody Country Chamber of Commerce*, 933 P.2d 1098, 1107 (Wyo.1997). The burden is upon the appellant to demonstrate such abuse. *Clark v. Alexander*, 953 P.2d 145, 150 (Wyo.1998).

*Discussion*

[¶ 15] In their appellate brief, the Parrishes complain that the trial court erred in allowing, over their objection, testimony by Donald Jones regarding the condition of the central stairway. The Parrishes present their argument, however, in a vacuum. The Parrishes point exclusively to Mr. Jones' trial testimony regarding the center stairway, without giving any indication of the factual content and import of Mr. Jones' testimony in the context of the entire action or even in the isolated context of Mr. Jones' testimony as a whole. Without such context, this Court cannot find that the trial court acted "outside the bounds of reason under the circumstances." The Parrishes have failed to carry their appellate burden of demonstrating an abuse of discretion on the part of the trial court.[4]

## CONCLUSION

[¶ 16] The Parrishes have failed to convince this Court that the trial court abused its discretion with regard to any of the issues raised. Affirmed.

---

4. In any event, the Parrishes cannot now be heard to complain that they were prejudiced by the admission of the challenged testimony. Their objection at trial was based on the grounds of unfair surprise, but trial counsel did not seek a continuance. Trial counsel even declined an offer by the trial court of an extended recess. Since trial counsel did not request a continuance

at the time the trial court overruled his objection, the objection of unfair surprise is effectively waived. *Meyer v. Rodabaugh*, 982 P.2d 1242, 1245 (Wyo.1999) (failure to request a continuance on the ground of surprise precludes a party from contending on appeal that he was prejudiced); *Betts v. Crawford*, 965 P.2d 680, 685 (Wyo.1998).