2001 WY 44

David SELLERS and Melonie Sellers,
Appellants (Plaintiffs),

v.

DOOLEY OIL TRANSPORT and Gerald
D. Hanson, Appellees (Defendants).

No. 00–112.

Supreme Court of Wyoming.

May 8, 2001.

Representing Appellant: Carol K. Watson and Bernard Q. Phelan of Phelan Watson Law Office, Cheyenne, WY. Argument by Ms. Watson.

Representing Appellee: W. Henry Combs, III, of Murane & Bostwick, LLC, Casper, WY.

Before LEHMAN, C.J., GOLDEN, KITE, JJ, and DAN SPANGLER, District Judge (Retired).

GOLDEN, Justice.

[¶ 1]   This appeal stems from a jury verdict in an automobile accident liability case. The sole issue is the propriety of a certain given jury instruction. The jury instruction was based upon Wyo. Stat. Ann. § 31–5–207 (Lexis 1999). We hold that the trial court's instructing on Wyo. Stat. Ann. § 31–5–207 under the facts of this case constituted prejudicial error and, therefore, reverse and remand for a new trial.

## ISSUE

[¶ 2]   Appellants David and Melonie Sellers phrase the issue as:

> Whether the district court committed prejudicial error in instructing the jury on the law contained in Wyo. Stat. § 31–5–207 without also giving the exception thereto delineated in Wyo. Stat. § 31–5–201(a)(ii).

Appellees Dooley Oil Transport and Gerald D. Hanson rephrase the issue slightly as:

> Should the district court have included Wyo. Stat. § 31–5–201(a)(ii) in Instruction No. 16 which comprised Wyo. Stat. § 31–5–207(a) and (b).

## FACTS

[¶ 3]   This case arises from an automobile accident that occurred on I–80 between Laramie and Cheyenne. At the time of the accident, David Sellers was driving his automobile east on I–80. Melonie Sellers, his wife, was a passenger in the automobile. Appellee Hanson also was driving east on I–80. Hanson, who worked for Appellee Dooley Oil Transport, was driving a Rocky Mountain doubles tanker. The accident occurred on the portion of I–80 heading east from Laramie to the summit at Lincoln Monument, locally known as Telephone Canyon.

[¶ 4]   In April 1997, the time of the accident, the east-bound roadway of this section of I–80 was under construction. Consequently, east-bound traffic was diverted for a short distance into the west-bound roadway and then channeled back again into the normal east-bound roadway. The west-bound roadway had three lanes of traffic. The diverted east-bound traffic had two lanes and west-bound traffic had one lane, with a concrete barrier separating opposing lanes of traffic.

[¶ 5] The accident occurred in a transition zone where east-bound traffic was tapered from two lanes into one lane immediately before being shifted back to the east-bound roadway. This transition zone included signs stating "do not pass" as well as signs reducing the speed limit and indicating right lane ending. A sequential chevron marked the beginning of the tapering of two lanes into one lane, accomplished by orange barrels placed on the roadway that gradually blocked off the right lane. The end result is that the right lane was dropped and the left lane continued through.

[¶ 6] Within this transition zone, Hanson shifted his tanker from the right lane into the left lane. At that time, the Sellers' car was driving along-side Hanson and was caught between the tanker and the concrete barrier. As a result of the impact with the tanker, the Sellers' car was jammed under the tanker and was caught there for a short distance before breaking free and eventually coming to rest next to the concrete barrier. Hanson stopped somewhat further down the highway. Fortunately, none of the parties received any serious physical injuries.

[¶ 7] At trial, Appellants claimed that Hanson was negligent by failing to see the Sellers' vehicle and yield to it before shifting into the left lane. Appellees claimed Dave Sellers was negligent in attempting to pass Hanson in a no-passing zone. Appellees offered a jury instruction based upon Wyo. Stat. Ann. § 31–5–207(a) and (b) which applies to no-passing zones. Appellants objected to a partial instruction upon Wyo. Stat. Ann. § 31–5–207. Appellants specifically requested subsection (c) of Wyo. Stat. Ann. § 31–5–207 be included because the subsection contains certain exceptions to the no-passing statute. The particular exception which the Appellants believe applies to the case is stated in Wyo. Stat. Ann. § 31–5–201(a)(ii) to the effect that a driver can drive to the left of the center of the roadway if the driver's regular lane of travel is obstructed, but that driver must yield to traffic moving in the proper direction before moving left.

[¶ 8] The trial judge agreed with Appellees and gave an instruction based upon Wyo. Stat. Ann. § 31–5–207(a) and (b) without any exception. Appellants properly objected to such instruction. The jury returned a verdict finding Appellant Dave Sellers 50% negligent, Appellant Melonie Sellers 0% negligent and Appellee Hanson 50% negligent. This timely appeal followed.

**STANDARD OF REVIEW**

[¶ 9] When examining the propriety of jury instructions, we review all instructions as a whole. "On review, this Court considers whether the instructions, taken as a whole, adequately and clearly advise the jury of the applicable law." *Kemper Architects, P.C. v. McFall, Konkel & Kimball Consulting Engineers, Inc.*, 843 P.2d 1178, 1182 (Wyo.1992).

> We have said that the function of jury instructions is to give the jury guidance regarding the law of the case. *Hursh Agency, Inc. v. Wigwam Homes, Inc.*, Wyo., 664 P.2d 27 (1983). The trial court is not obligated to give an instruction offered by a party as long as the jury is adequately instructed on the law as it pertains to that case. *Matter of MLM*, Wyo., 682 P.2d 982 (1984). The trial court's ruling on an instruction will not constitute reversible error absent a showing of prejudice, and prejudice will not be said to result unless it is demonstrated that the instruction confused or misled the jury with respect to the proper principles of law. *Cervelli v. Graves*, Wyo., 661 P.2d 1032 (1983).

*DeJulio v. Foster*, 715 P.2d 182, 186 (Wyo. 1986).

[¶ 10] In order to determine the law of the case, we must interpret the meaning of Wyo. Stat. Ann. § 31–5–207 (Lexis 1999) and the exception found in Wyo. Stat. Ann. § 31–5–201(a)(ii) (Lexis 1999).

> Statutory interpretation is a question of law, so our standard of review is *de novo*. ... If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it. We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed ac-

cording to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.*

*Cargill v. State, Dept. of Health, Div. of Health Care Financing,* 967 P.2d 999, 1001 (Wyo.1998) (citations and quotations omitted).

## DISCUSSION

[¶ 11] The jury instruction objected to, Instruction No. 16, stated:

You are instructed that Section 31–5–207 of the Wyoming Statutes provides in part the following:

The superintendent and any local authorities may determine those portions of any highway under their respective jurisdictions where overtaking and passing or driving on the left of the roadway would be especially hazardous and may by appropriate signs or markings on the roadway indicate the beginning and end of such zones and when the signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions thereof.

Where signs or markings are in place to define a no passing zone as set forth above, no driver shall drive on the left side of the roadway within a no passing zone or on the left side of any pavement striping designed to mark a no-passing zone throughout its length.

[¶ 12] In comparison, Wyo. Stat. Ann. § 31–5–207 (Lexis 1999) in its entirety states:

**No-passing zones.**

(a) The superintendent and local authorities may determine those portions of any highway under their respective jurisdictions where overtaking and passing or driving on the left of the roadway would be especially hazardous and may by appropriate signs or markings on the roadway indicate the beginning and end of such zones and when the signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions thereof.

(b) Where signs or markings are in place to define a no-passing zone as set forth in subsection (a) of this section no driver shall drive on the left side of the roadway within a no-passing zone or on the left side of any pavement striping designed to mark a no-passing zone throughout its length.

(c) This section does not apply under the conditions described in W.S. 31–5–201(a)(ii) nor to the driver of a vehicle turning left into or from any alley, private road or driveway.

[¶ 13] Wyo. Stat. Ann. § 31–5–201(a)(ii) (Lexis 1999) states:

(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

\* \* \*

(ii) When a stationary obstruction exists making it necessary to drive to the left of the center of the highway but any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard[.]

[¶ 14] Appellants requested an instruction that included the exception as found in Wyo. Stat. Ann. § 31–5–201(a)(ii). In refusing the instruction as proffered by Appellants, the trial court reasoned that the exception in Wyo. Stat. Ann. § 31–5–201(a)(ii) did not apply to the facts of this particular case. Specifically, the trial judge ruled that Wyo. Stat. Ann. § 31–5–201(a)(ii) applies only to situations where a driver is forced to enter a lane of opposing traffic in order to avoid an obstruction in his lane.

[¶ 15] On this point we agree with the trial judge. The language in Wyo. Stat. Ann. § 31–5–201(a)(ii) limits its application to situations where it is "necessary to drive to the left of the center of the highway." The normal and ordinary interpretation of the "center of the highway" is the boundary line separating opposing lanes of traffic. Thus, the language of Wyo. Stat. Ann. § 31–5–201(a)(ii) clearly limits its application to situations where a driver is forced to enter lanes of opposing traffic in order to circumvent some obstruction in his ordinary lane of traf-

fic. The exception does not apply to the facts of this case and was therefore correctly rejected by the trial judge as part of the jury instruction.[1]

[¶ 16] Our analysis, however, does not end here. Having reviewed Wyo. Stat. Ann. § 31–5–207, we hold that Wyo. Stat. Ann. § 31–5–207 in its entirety is inapplicable to the facts of this case. As with the exception found in Wyo. Stat. Ann. § 31–5–201(a)(ii), Wyo. Stat. Ann. § 31–5–207 only applies to situations involving two-way traffic on one roadway and does not apply in construction zones such as the one at issue here.

[¶ 17] The statute must be read as a whole. "We must give meaning to every word, clause and sentence of the statute and the statute should be construed so that no part will be inoperative or superfluous." *State Bd. of Equalization v. Cheyenne Newspapers, Inc.*, 611 P.2d 805, 809 (Wyo.1980). Subparagraph (a) of Wyo. Stat. Ann. § 31–5–207 authorizes the appropriate authorities to establish no-passing zones in especially hazardous sections of a roadway. Subparagraph (b) of Wyo. Stat. Ann. § 31–5–207 governs specifically the actions of drivers within the no-passing zone. Subparagraph (b) states: "no driver shall drive on the left side of the roadway within a no-passing zone or on the left side of any pavement striping designed to mark a no-passing zone throughout its length."

[¶ 18] Reading subparagraphs (a) and (b) together, the statute intends to cover situations where driving on the left side of the roadway is especially hazardous. There is no hazard involved in driving on the left side of the roadway on a one-way roadway. Indeed, Wyo. Stat. Ann. § 31–5–205, entitled "Additional limitations on driving on the left; exceptions," specifically exempts one-way roadways from its prohibitions against driving on the left side of the roadway. Wyo. Stat. Ann. § 31–5–205(b)(i) (Lexis 1999). Because of the restrictions on driving on the left side of the roadway, it is obvious that the hazard contemplated in subparagraph (a) of Wyo.

Stat. Ann. § 31–5–207 is the possibility of a head-on collision with on-coming traffic. Thus, Wyo. Stat. Ann. § 31–5–207, read as a whole, is intended to apply only to roadways on which traffic runs in two directions. It is inapplicable to a multi-lane, one-way roadway.

[¶ 19] Further, Wyo. Stat. Ann. § 31–5–207 is particularly inapplicable to the facts of this individual case, which involves an accident that occurred in a construction zone. In a construction zone, the normal function of the roadway is suspended. The statutes are intended to govern traffic under normal roadway conditions, not necessarily those conditions found in construction zones. This case presents an example of a situation to which Wyo. Stat. Ann. § 31–5–207 does not apply.

[¶ 20] The language of subparagraph (b) of Wyo. Stat. Ann. § 31–5–207 prohibits driving on the left side of the roadway in a no-passing zone. It is undisputed that the parties were in a no-passing zone at the time of the accident. The no-passing zone was placed there because of a temporary hazard caused by conditions necessitated because of road construction. As part of the temporary traffic control for the construction zone, the parties were required to drive in the left lane in the no-passing zone because the right lane of travel was being dropped. Thus, drivers were being instructed to, and at some point every driver had to, drive on the left side of the available roadway.

[¶ 21] Jury Instruction No. 16, which specifically instructed the jury that "no driver shall drive on the left side of the roadway within a no-passing zone," is a misstatement of the law under the specific facts of this case. When the jury instructions are read in their entirety, we find this instruction to be prejudicial. Instruction No. 14 properly instructed the jury that violation of a statute is evidence of negligence. *See generally, Short v. Spring Creek Ranch, Inc.*, 731 P.2d 1195 (Wyo.1987). Applying the language of Wyo. Stat. Ann. § 31–5–207 to the

---

1. We note that jury Instruction No. 15, based upon Wyo. Stat. Ann. § 31–5–204, is equally inapplicable as it refers to avoiding oncoming traffic when driving to the left of center of the roadway to pass another vehicle.

particular facts of this case is confusing and misleading. The instruction, as given, could have led the jury to believe that the very presence of Appellants in a left lane constituted evidence of negligence. Under the particular facts of this case, that is not a true statement of law. Appellants would be quite correct in driving in the left lane in preparation for the right lane being dropped. What Appellants were not allowed to do is use the left lane to pass another vehicle. The statutory duty to not drive on the left side of the roadway in a no-passing zone simply does not apply to this case.

[¶ 22]  Because we determine that Wyo. Stat. Ann. § 31–5–207 does not apply to the facts of this case, and instructing the jury thereon constituted prejudicial error, we reverse and remand for a new trial.