2005 WY 129

Kaori McGUIRE, n/k/a Kaori Powers, Individually and as Conservator/Guardian/Custodian of Lanaya Kaori Hatch, DOB 9/19/90, Autumn Dawn Hatch, DOB 8/18/95, and Colton Daniel Hatch, DOB 4/08/99, minors, Appellants (Plaintiff),

v.

Mesias SOLIS, Appellee (Defendant).

No. 04–253.

Supreme Court of Wyoming.

Oct. 5, 2005.

76(1)

Representing Appellant: William L. Combs of Combs Law Office, L.L.C., Evanston, Wyoming.

Representing Appellee: Loretta R. Green of Buchhammer & Kehl, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] After a vehicle/pedestrian accident in a Wal–Mart parking lot, Kaori McGuire [1] sued Mesias Solis for negligence and loss of parental consortium on behalf of all three of her children. After trial a jury found Solis not negligent. McGuire appeals, claiming several prejudicial errors were committed in the proceedings below. Finding no reversible error, we affirm.

## ISSUES

[¶ 2] McGuire presents the following issues for review:

I. Whether the trial court abused its discretion in denying Mr. Phillips' initial request to extend deadlines

II. Whether the trial court abused its discretion in permitting the Phillips law firm to withdraw from representing Ms. Powers [McGuire]

III. Whether the trial court abused its discretion in imposing its modified version of Rule 26, F.R.C.P., to appellants' amended complaint

IV. Whether the trial court abused its discretion in permitting evidence of investigative law enforcement reports at trial

V. Whether the trial court abused its discretion in refusing appellants' proffered jury instructions regarding motor vehicle statutes

## FACTS

[¶ 3] On October 15, 2001, McGuire and Solis were parked next to each other in a Wal–Mart parking lot. Solis was driving a pick-up truck with a trailer attached behind it. As Solis moved his vehicle forward, out of his parking space, he inadvertently pinned McGuire between her vehicle and his trailer. Bystanders yelled at Solis to stop and then told him to back up. Solis backed up slowly, releasing McGuire. McGuire allegedly suffered physical injuries because of the accident.

[¶ 4] McGuire retained the law firm of James E. Phillips, P.C., to represent her. McGuire, through the Phillips law firm, filed suit against Solis for negligence on March 26, 2002. The first scheduling order, dated December 12, 2002, set trial for May 6, 2003. The cut-off date for expert witness designation for McGuire was January 10, 2003. McGuire filed her expert witness designation on January 10 but on February 5 attempted to amend her expert designation by adding an additional doctor, Dr. Dennis Wyman, who had examined McGuire on January 28, 2003. Over Solis' objection, the trial court allowed McGuire's amendment but specifically ruled that McGuire "shall not designate any additional expert witnesses without specific leave and order of this Court." [2] The trial court also continued the trial date from May 6, 2003, until January 13, 2004. The resulting amended scheduling order confirmed the January 2004 trial date, maintained the initial dates for designation of experts (January 10, 2003, for McGuire), and set the discovery cut-off date as October 17, 2003.

[¶ 5] On November 5, 2003, the Phillips law firm filed a motion to withdraw, alleging extraordinary circumstances in that McGuire was dissatisfied with the firm's representation and communication between McGuire and the firm had ceased. The trial court, without hearing, granted the motion on No-

---

1. Subsequent to the filing of this action, McGuire married and changed her last name to Powers. For the sake of simplicity, we will refer to her by the name under which suit was filed—Kaori McGuire.

2. By order dated the following day, the trial court ordered that no further expert witnesses were to be designated "unless stipulated to by the parties and allowed by this Court."

vember 6, conditioning the withdrawal upon McGuire's obtaining substitute counsel. On December 4, the Phillips law firm filed a motion to amend the previous order to allow it to withdraw before substitute counsel was obtained, attaching an affidavit from McGuire in which she requested the Phillips law firm "be allowed to withdraw from my case immediately because I no longer desire their services in any capacity." McGuire also stated she had an appointment with potential substitute counsel on December 16. Based upon this motion, and again without hearing, the trial court allowed the Phillips law firm to immediately withdraw. Ultimately, the trial court also vacated the trial date to allow McGuire more time to retain an attorney.

[¶ 6] Substitute counsel made his official appearance on behalf of McGuire on February 6, 2004. A second amended scheduling order set the new trial date for May 4, 2004. The trial court did not reopen the dates for discovery or designation of expert witnesses. At McGuire's request, on May 12 the trial court continued the trial date. The trial court permitted McGuire to file an amended complaint, adding claims for negligent infliction of emotional distress on behalf of one child who had witnessed the accident, and loss of parental consortium on behalf of all three of her children. An attempt to add a claim for negligence per se for violating certain traffic statutes was rejected. The trial court allowed McGuire ten days from the date of the hearing allowing the amendment to disclose witnesses and exhibits in support of her new claims involving the children. Because McGuire could not adequately prepare her case for negligent infliction of emotional distress in the time allowed, the trial court dismissed the claim without prejudice.

[¶ 7] After more maneuvering, the trial in this matter finally began on July 21, 2004. After a three day trial, the jury returned a verdict finding Solis not negligent.

## DISCUSSION

*Issues I and III—Discovery issues*

[¶ 8] Issues one and three are easily disposed as both relate to irrelevant issues. Both issues allege the trial court abused its discretion on certain discovery matters. As to McGuire's first issue, McGuire's only pertinent argument is that the decision of the trial court to enforce its pretrial schedule as written and approved by both parties, and not extend the deadline for the designation of expert witnesses, was manifestly unjust. McGuire does not allege any specific prejudice she suffered as a result of the ruling. Looking at the record, the only mention by her then current attorney regarding other experts which McGuire *might* want to add indicated there might be a possibility that she would want to add an economic appraisal expert. The testimony of an economic appraisal expert would have related solely to the issue of damages. The jury found Solis not negligent, therefore any issue relating solely to damages is moot. We decline to address the matter further since "[t]his Court will not consider an appeal when its decision can have no practical effect." *Serda v. Dennis,* 2004 WY 141, ¶ 6, 100 P.3d 860, 861 (Wyo.2004).

[¶ 9] McGuire's third issue complains about the strict time frame for additional discovery imposed by the trial court after she amended her complaint. McGuire argues that the trial court adopted Rule 26 of the Federal Rules of Civil Procedure but did not adhere to the language of the rule, leading to arbitrary enforcement of the rule. The record discloses that the trial court did not adopt Rule 26. Because of the short time frame between the allowed amendment and the trial date, the trial court ordered the parties to automatically exchange information within ten days, stating that the procedure it was adopting was similar to the procedure contemplated by Rule 26. The trial court specifically disavowed adopting Rule 26. The trial court could not have enforced, arbitrarily or otherwise, a rule it never adopted. There is no error on that ground.

*Issue II—Withdrawal of the Phillips law firm*

[¶ 10] McGuire alleges it was error for the trial court to allow the Phillips law firm to withdraw. This Court reviews decisions on motions to withdraw under the abuse of discretion standard:

[O]ur review of motions to withdraw and for a continuance is the abuse of discretion standard. *Byrd v. Mahaffey*, 2003 WY 137, ¶ 5, 78 P.3d 671, ¶ 5 (Wyo.2003). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Ready v. Ready*, 2003 WY 121, ¶ 11, 76 P.3d 836, ¶ 11 (Wyo.2003); *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). "We must ask ourselves whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious." *Ready*, ¶ 11 (citing *Johnson v. Johnson*, 11 P.3d 948, 950 (Wyo.2000)).

*Sims v. Day*, 2004 WY 124, ¶ 9, 99 P.3d 964, 968 (Wyo.2004).

■■■ [¶ 11] McGuire contends that the district court erred in its application of Rule 102(c) of the Uniform Rules for District Courts. Rule 102(c) provides:

Counsel will not be permitted to withdraw from a case except upon court order. Except in the case of extraordinary circumstances, the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance. In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se. An attorney who has entered a limited entry of appearance shall be deemed to have withdrawn when the attorney has fulfilled the duties of the limited entry of appearance.

As this Court recently explained:

The Uniform District Court Rules do not require that substitute counsel be obtained before the court allows withdrawal of an attorney. . . .

Requiring substitute counsel remains our preference, and the rule's language now mandates it when the client desires it. Therefore, the rule does not allow counsel to withdraw except upon court order after the court is informed of substitution of counsel or the court is informed by the client of a desire to proceed pro se.

*Sims*, ¶¶ 10–11, 99 P.3d at 968 (citations omitted).

[¶ 12] The first motion to withdraw contended McGuire was dissatisfied with the representation she was receiving from the firm, had failed to show up to appointments, and communications had ceased between the firm and McGuire. McGuire was informed of the firm's decision to withdraw by letter dated October 31, 2003. The motion was filed November 5 and the order was entered November 6. There is no indication in the record, nor does McGuire contend on appeal, that she objected at any time before the order allowing withdrawal was entered. Under the circumstances, this Court finds no abuse of discretion by the trial court in granting the motion to withdraw, conditioned "upon the substitution of other counsel by written appearance."

[¶ 13] The second motion by the firm was to allow it to withdraw before the appearance in the case of substitute counsel. Attached to the motion was an affidavit executed by McGuire, in which she declared she was actively seeking new counsel. In the affidavit McGuire requested the firm "be allowed to withdraw from my case immediately because I no longer desire their services in any capacity." McGuire's pertinent argument as to the second order is that no extraordinary circumstances existed to support the trial court's decision. Extraordinary circumstances, however, were not required. Pursuant to U.R.D.C. 102(c) "the court **shall** allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se" (emphasis added). The explicit use of the term "pro se" is not required. McGuire manifested her desire to proceed pro se in her affidavit when she requested the trial court allow the immediate withdrawal of the firm, knowing she did not yet have substitute counsel. The trial court's order allowing the firm to withdraw was not in error.

[¶ 14] McGuire claims a hearing should have been held on the motion to withdraw without distinguishing between the first or-

der allowing withdrawal conditioned "upon the substitution of other counsel by written appearance" and the second order which removes such condition. No hearing was held on either motion. Presumably McGuire thinks the result would have been different if the trial court had held a hearing(s). Given the above circumstances, we disagree.

[¶ 15] McGuire presents an extended argument that she was prejudiced by events that happened after the appearance of substitute counsel. McGuire might not like the consequences of her decision, but such argument is obviously irrelevant to the issue of whether the trial court abused its discretion in initially granting the motion to withdraw. McGuire is inappropriately questioning her decision to fire the firm in hindsight.

[¶ 16] With McGuire declaring under oath that she did not want the firm to represent her further in any capacity and also declaring that she was actively seeking substitute counsel, the trial court was perfectly within its power, and indeed compelled, to grant the motion to withdraw. This Court fails to see how the trial court abused its discretion in allowing the firm to withdraw.

*Issue IV—Admission of evidence of the contents of investigative law enforcement reports at trial*

[¶ 17] McGuire's complaint on this issue revolves around the testimony presented by Solis' accident reconstruction expert. As part of his testimony, the expert stated he relied in part upon information contained in law enforcement reports in reaching his conclusions. The written law enforcement reports were not admitted into evidence. The sum and substance of McGuire's argument on this issue is that the expert's testimony should not have been allowed because it violated the strictures of Wyo. Stat. Ann. § 31–9–209 (LexisNexis 2005) which states that law enforcement reports shall not be "any evidence of the negligence or due care of either party, at the trial of any action at law to recover damages."

[¶ 18] Although not providing argument on the appropriate standard of review, McGuire presents the issue as an evidentiary issue, to be reviewed by this Court under the abuse of discretion standard. She does not argue, however, that the testimony was inadmissible under any rule of evidence. Her argument is solely that the testimony violated a statute. The issue before this Court, then, is strictly limited to whether § 31–9–209 prohibits the contents of law enforcement reports to be used as foundational information by Solis' accident reconstruction expert. As such, the issue presents a matter of law, which this Court reviews de novo. *Knowles v. Corkill*, 2002 WY 119, ¶ 8, 51 P.3d 859, 863 (Wyo.2002).

[¶ 19] In her brief, McGuire simply makes a bald statement that the contents of the law enforcement reports were inadmissible and they were impermissibly used as evidence of negligence. McGuire cites to no authority in support of her argument that admitting the testimony of the expert, which included conclusions based in part upon information contained within law enforcement reports, violates § 31–9–209.

[¶ 20] Wyoming Statute § 31–9–209 in relevant part states "the reports required by W.S. 39–5–1106 through 31–5–1108 ... shall [not] be any evidence of the negligence or due care of either party, at the trial of any action at law to recover damages." Even assuming, without deciding, that § 31–9–209 encompasses the content of written reports, the content would still need to be used as evidence of negligence to run contrary to the statute. In the instant case, the content simply was not used as evidence of negligence.

[¶ 21] The accident reconstruction expert merely mentioned that, in addition to several other sources of information, he relied upon information contained in the law enforcement reports as foundation upon which he based his ultimate conclusions. His ultimate conclusions regarded his reconstruction of the accident, *i.e.*, the location of the vehicles before and after impact; McGuire's position in relation to her vehicle and Solis' trailer; the speed at impact. The expert did not testify as to any specific information contained in the reports. The expert did not testify to the ultimate issue of negligence of either party. Under these circumstances it is far

too attenuated to claim that contents from the law enforcement reports were used as evidence of negligence. The contents of the reports plainly were used solely as foundational information to help the expert reconstruct the accident. Because the statute was not violated, there is no error as argued by McGuire.

*Issue V—Jury instructions*

[¶ 22] McGuire offered several jury instructions derived from Wyoming motor vehicle statutes. McGuire proposed these instructions, stating they were pertinent to the issue of the duty of drivers. The trial court refused to give the instructions holding that the statutes are inapplicable to an accident that occurred on private property and also that the instructions were cumulative.

[¶ 23] This Court reviews instructions to a jury by determining whether the instructions, taken as a whole, adequately and clearly advise the jury of the applicable law. *Pauley v. Newman*, 2004 WY 76, ¶ 6, 92 P.3d 819, 821–22 (Wyo.2004); *Banks v. Crowner*, 694 P.2d 101, 105 (Wyo.1985). The trial court is not obligated to give an instruction offered by a party as long as the jury is adequately instructed on the law as it pertains to that case. The trial court's ruling on an instruction must be prejudicial to constitute reversible error. Since the function of jury instructions is to give guidance regarding the applicable law, prejudice results when the instructions confused or misled the jury with respect to the proper principles of law. *Alpine Climate Control, Inc. v. DJ's, Inc.*, 2003 WY 138, ¶ 10, 78 P.3d 685, 688–89 (Wyo. 2003); *Sellers v. Dooley Oil Transport*, 2001 WY 44, ¶ 9, 22 P.3d 307, 309 (Wyo.2001). "To measure the degree of prejudice, jury instructions are viewed in the light of the entire trial, including the allegations of the complaint, conflict in the evidence on critical issues and the arguments of counsel." *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 832 (Wyo.1994).

[¶ 24] McGuire fails to analyze her jury instruction issue within the above framework. McGuire makes no argument that the instructions given, taken as a whole, failed to adequately and clearly advise the jury of the applicable law. Rather, McGuire's only argument on appeal is that the trial court erred in determining that the statutes are not applicable to private property.

[¶ 25] McGuire's argument is misplaced. Even assuming, arguendo, that the statutes apply under the instant circumstances, the failure to give the proffered instructions must be prejudicial. McGuire's only argument as to prejudice is one sentence alleging that confusion amongst the jurors on the issue of the existence of duty was evidenced by the verdict. This argument is clearly not sufficient. "Where an appellant asserts errors but cites no authority and makes only a perfunctory argument in support of the contention, this court will not consider the contention." *Elder v. Jones*, 608 P.2d 654, 660 (Wyo.1980). The trial court determined that the accepted jury instructions adequately instructed the jury on the issue of duty, and McGuire's proposed instructions would be cumulative. In the absence of cogent argument otherwise, we accept the ruling of the trial court.

## CONCLUSION

[¶ 26] McGuire presents this Court with no good reason to overturn the jury verdict in favor of Solis. Even if any error occurred in the pretrial discovery process, such error only potentially effected McGuire's presentation of evidence regarding her damages. Since the issue of damages was never reached by the jury, the discovery complaints are moot. There is, of course, no error by the trial court in its non-application of the exact language of a rule it never adopted.

[¶ 27] The withdrawal of the Phillips law firm was allowed based upon McGuire's own request that the trial court allow the firm to immediately withdraw, despite the lack of appearance by substitute counsel. No abuse of discretion is perceived in the decision by the trial court to grant McGuire's request in light of her assertion that she did not want the firm representing her further in any capacity.

[¶ 28] The testimony of Solis' accident reconstruction expert was not violative of § 31–9–209. Solis' expert used law enforcement

reports as a foundation for his expert opinion. The expert mentioned the reports as foundational documents but did not testify as to the specific contents of the documents. His opinion went exclusively to the reconstruction of the accident. He did not testify as to negligence. McGuire's argument that the contents of the law enforcement reports were used as evidence of negligence is untenable.

[¶ 29] Finally, McGuire presented no cogent argument to this Court that the trial court committed reversible error in denying her proffered jury instructions regarding the duty of drivers under Wyoming statutes. That McGuire lost her case is not indicative of jury confusion. Because McGuire presents no further claim of prejudice, the decision of the trial court denying the proffered instructions is upheld.

[¶ 30] Solis requests this Court award him attorneys' fees and damages pursuant to W.R.A.P. 10.05, claiming that McGuire's appeal lacked merit and was unsupported by cogent argument. Rule 10.05 states, in pertinent part: "If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." Only in rare circumstances will sanctions be awarded pursuant to W.R.A.P. 10.05. While McGuire's brief has its failings, it is not so deficient as to merit sanctions under W.R.A.P. 10.05. *White v. Allen,* 2005 WY 72, ¶ 23, 115 P.3d 8, 14 (Wyo.2005).

[¶ 31] The judgment on the jury verdict in the instant case is affirmed. Solis' request for attorneys' fees and damages is denied.